NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER HOBBS, | No. 18-56307 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00480-PSG-E |
| v. | |
| RANDALL DEVINE; UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted July 7, 2020
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and ZOUHARY,** District Judge.

Plaintiff Christopher Hobbs ("Hobbs") appeals the district court's dismissal

of his action against FBI Special Agent Randall Devine ("Devine"). Hobbs sued

Devine under *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

*Narcotics*, 403 U.S. 388 (1971), for violating his rights under the Fourth and Fourteenth Amendments.

We have jurisdiction under 28 U.S.C § 1291 and review de novo the district court's grant of a motion to dismiss for failure to state a claim. *See Metzler Inv. v. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In reviewing the sufficiency of the complaint, we must determine whether the non-conclusory factual allegations—accepted as true—"state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**1.** In the absence of statutory remedies, *Bivens* permits damages suits against federal officials who violate the Constitution. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court has adopted a demanding two-part test for recognizing *Bivens* claims. First, we must ask whether the complaint's allegations present a "new context" as compared to claims previously recognized by the Supreme Court. *Id.* at 1859-60. If the complaint presents a new context, we must then ask whether any "special factors counsel[] hesitation" before holding the federal defendants liable for their misconduct. *Id.* at 1857 (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)).

The Supreme Court's recent decision in *Hernandez v. Mesa* is dispositive of Hobbs's *Bivens* claim. 140 S. Ct. 735 (2020). In *Hernandez*, the Court was

2

presented with the question of whether a *Bivens* remedy existed where a federal agent, who was on U.S. soil, shot and killed a child standing on the Mexican side of the U.S.-Mexico border. *Id.* at 740. The Court declined to extend *Bivens* to this context.

The Court held that the cross-border shooting presented a new context and that special factors counselled hesitation in extending *Bivens* to provide a damages remedy. The Court reasoned that Hernandez's claim presented a new context, distinguishing it from the purely-domestic conduct at issue in *Bivens*. *Id.* at 743-44. And the transnational nature of the killing presented special factors counselling hesitation in extending a remedy to the *Hernandez* plaintiffs. *Id.* at 744-49 (holding that potential effects on foreign relations and national security "raise[d] warning flags").

As in *Hernandez*, "it is glaringly obvious that [Hobbs's] claims involve a new context." *Id.* at 744. And the same extraterritorial concerns that foreclosed a *Bivens* claim in *Hernandez* apply here with greater force. Unlike in *Hernandez*, all of the critical events that provide the basis for Hobbs's constitutional claims occurred in Thailand. To recognize a malicious-prosecution suit in this context would touch upon relations between the Thai and American governments, given that Hobbs was arrested and prosecuted by the Royal Thai Police. Hobbs stresses that Devine—not Thai authorities—orchestrated the wrongful accusation, but that

3

argument does not undermine the strong presumption against interfering in the Executive Branch's relations with foreign countries. These same concerns also apply to Hobbs's Fourth Amendment false-arrest claim. The district court did not err in dismissing Hobbs's complaint.

**2.** Hobbs also appeals the district court's denial of his motion for leave to file an amended complaint. He argues the amended complaint would clarify that Devine never directly commanded Thai authorities to arrest him; rather, Devine manipulated the unwitting Thai police into charging him. Hobbs asserts this clarification could alter the special-factors analysis.

But even if an amended complaint clarified that Devine was the sole bad actor, this lawsuit would still implicate U.S.-Thai relations. As the government points out, Devine's defense would likely argue that the Royal Thai Police were responsible for the wrongful arrest and prosecution of Hobbs. Thus, the proposed amended complaint would not sidestep the foreign-affairs concerns. For this reason, "it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citation omitted). The district court did not err in so holding.

**AFFIRMED.**